# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY CHAMBERLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.: 4:15-CV-31-PRC |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Vacate Dismissal and to Reinstate Cause by Reason of Equitable Tolling [DE 20], filed by Plaintiff Mary Chamberlain on March 17, 2016.

## BACKGROUND

On December 4, 2013, an Administrative Law Judge issued a decision denying Plaintiff's claim for benefits. Plaintiff requested review, and on February 4, 2015, the Appeals Council sent a notice of its decision denying Plaintiff's request for relief and notifying Plaintiff of her right to commence a civil action within 60 days from the date of receipt. A copy of the notice was also sent to Plaintiff's counsel, who remains her counsel before this Court.

Pursuant to 20 C.F.R. § 422.210(c), Plaintiff presumptively received notice of her denial of request for review by the Appeals Council and, thus, notice of the final decision of the Commissioner on February 9, 2015. Accordingly, the deadline for Plaintiff to file her Complaint was sixty days thereafter, or April 10, 2015. Plaintiff filed her Complaint with this Court on April 17, 2015, seven days late.

On November 2, 2015, the Commissioner filed a Motion to Dismiss for Failure to State a Claim, asking the Court to dismiss this cause of action because Plaintiff filed her Complaint outside the limitation period.

Plaintiff did not file a response to the Motion to Dismiss, which was due no later than November 19, 2015. *See* N.D. Ind. L.R. 7-1; Fed. R. Civ. P. 6(d).

On November 24, 2015, the Court issued an Opinion and Order, granting the Motion to Dismiss. The Court found that Plaintiff's Complaint was untimely and that Plaintiff had not demonstrated either a reasonable showing to the contrary as to receipt of the Appeals Council decision or that she filed an extension of time with the Appeals Council within which to file her Complaint. The Court also noted that Plaintiff failed to file a response to the Motion to Dismiss. *See Berg v. Bowen*, 699 F. Supp. 184, 184-85 (S.D. Ind. 1988) (dismissing a social security complaint filed at least two days later than the limitation period where the plaintiff provided no showing that the notice of denial was not received within the presumptive five-day period and failed to show any facts warranting equitable tolling of the limitations period).

Almost four months after the dismissal of this case, Plaintiff filed the instant Motion to Vacate Dismissal and to Reinstate Cause by Reason of Equitable Tolling. Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, filed a response on March 31, 2016, and Plaintiff filed a reply on April 19, 2016.

**ANALYSIS**

The Social Security Act provides:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days

2

after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). In addition, 20 C.F.R. § 422.210(c), entitled "Time for instituting civil action," provides, again in pertinent part, that "the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). The 60-day requirement is not jurisdictional, but constitutes a period of limitations that may be tolled by the Commissioner or the Court if "fairness demands." *Sanchez ex rel. Sanchez v. Barnhart*, No. 03-C-537-C, 2004 WL 1005589, at *2 (W.D. Wis. May 4, 2004) (citing *Bowen v. City of New York*, 476 U.S. 467, 479-81 (1986)); *see also Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990).

First, Plaintiff argues that her Complaint was timely because her counsel did not receive notice of the Appeals Council decision until within sixty days of the date she filed her Complaint. In the alternative, Plaintiff argues that equitable tolling requires that the case be reopened because (1) she diligently pursued her claim; (2) the case merits reopening; and (3) both Plaintiff and the Commissioner would be harmed by the dismissal of Plaintiff's appeal.

### A. Receipt of Notice by Attorney

The notice in this case is dated February 4, 2015. Thus, the presumptive receipt date is February 9, 2015. Plaintiff's Complaint was filed on April 17, 2015, which is 67 days after February 10, 2015, and seven days past the sixty-day deadline of April 10, 2015. This was the basis for the Court granting the Commissioner's Motion to Dismiss.

However, Plaintiff, who did not respond to the Motion to Dismiss, now argues that her attorney did not receive the Appeals Council notice until February 21, 2015, which was within sixty

3

days of filing the Complaint on April 17, 2015. In support, Plaintiff offers a copy of the Notice of Appeals Council Action, dated February 4, 2015, that was sent to her counsel. The notice is stamped as "Received" with the law firm date stamp on February 21, 2015. *See* (Pl. Reply, Ex. A). Plaintiff also offers the sworn Affidavit of the attorney's legal assistant, explaining the firm's system for opening and date stamping all mail and averring that the February 4, 2015 Notice of Appeals Council Action was received by the firm and file stamped on February 21, 2015. Sixty days after February 21, 2015, was April 22, 2015. Plaintiff filed her Complaint with this Court on April 17, 2015. Thus, the Complaint was filed within sixty days of counsel's receipt of the notice. (Both the date-stamped Notice of Appeals Council decision and the Affidavit were not filed with the opening motion but were first presented as attachments to Plaintiff's Reply Brief. The legal assistant's Affidavit is dated April 15, 2016, which is a month after the instant motion was filed.) There is no evidence, much less any representation in the briefing, as to when Plaintiff herself received the notice.

Thus, the question before the Court is whether counsel's receipt of the Appeals Council notice past the presumptive five-day period extends the time to file a complaint with the district court when the Plaintiff is presumed to have received the notice within the five-day period. The Seventh Circuit Court of Appeals has not addressed the issue. The Sixth Circuit Court of Appeals has held that the individual referenced in the statute is the claimant and not the attorney. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). Thus, district courts in that circuit have held that the date of the attorney's receipt of the notice does not supersede the five-day presumption of delivery to the claimant in 20 C.F.R. § 422.210. *See Brown v. Comm'r of Soc. Sec.*, No. 14-12525, 2015 WL 5655870, at *3 (E.D. Mich. Sept. 25, 2015); *Salter v. Colvin*, 4:12-CV-888, 2014 WL

4

1280269, at *5-6 (N.D. Oh. Mar. 27, 2015); *Ashcroft v. Astrue*, 5:11-CV-144, 2012 WL 1231789, at *2-3 (N.D. Ohio Apr. 12, 2012); *Singleton v. Comm'r of Soc. Sec.*, No. 1:09-CV-933, 2010 WL 3734053, at *1 (W.D. Mich. Sept. 20, 2010). Similarly, the Fifth Circuit Court of Appeals has used the claimant's, rather than the representative's, date of receipt for calculating the time to file a complaint with the district court. *See Flores v. Sullivan*, 945 F.2d 109, 111-12 (5th Cir. 1991). The First Circuit Court of Appeals had also held that § 405(g) "plainly and unambiguously calculate[s] the date as running from notice to the claimant, not the claimant's attorney." *Franks v. Apfel*, 185 F.3d 866, No. 98-15948, 1999 WL 362901, at *1 (9th Cir. May 20, 1999).

Other courts have held that the time period begins to run from the date the notice is received by either the claimant or the attorney, whichever is *earlier*. *See Leetch v. Sullivan*, No. C90-1027, 1991 WL 259261 (D. Wyo. Aug. 1, 1991) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990)). The Eighth Circuit Court of Appeals has held that "notice received by either the individual or the individual's attorney, whichever occurs *first*, triggers the sixty-day limitations period." *Wild v. Astrue*, Civil No. 07-1372, 2008 WL 698483, at *4 (D. Minn. Mar. 13, 2008) (emphasis added) (quoting *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003)).

In contrast, some courts have held that the date of receipt by counsel is controlling when determining the date on which the limitation period commenced. *See Roberts v. Shalala*, 848 F. Supp. 1008, 1013-15 (M.D. Ga. 1994); *Bartolomie v. Heckler*, 597 F. Supp. 1113, 116 (N.D.N.Y. 1984); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983), all cited in *Allen v. Colvin*, No. 2:13-CV-1366, 2015 WL 3902832, at *3 (E.D. Cal. June 24, 2015). The Court in *Allen* also noted that 20 C.F.R. § 416.1515(b) provides that "[a] notice or request sent to your representative, will have the same force and effect as if it had been sent to you." 2015 WL 3902832, at *3.

In *Allen*, the plaintiff was homeless, and the court found that, under the circumstances, nothing in the record suggested that Plaintiff had received the notice prior to her attorney's receipt of the notice. Therefore, the court found the date of the attorney's receipt, evidenced by a "received" date stamp by the law firm and a declaration explaining the firms' customary practice for date-stamping mail, was the receipt date for purposes of calculating the sixty-day filing period. *Id*. at *2, *3. In contrast, the Plaintiff in this case presumptively received the notice on February 9, 2015.

The only case cited by Plaintiff on this issue is *Bartolomie*; however, that case was concerned with the complete failure to send any copy to the attorney, which is not the issue here. 597 F. Supp. 1113.

Plaintiff has offered no case law to support her argument that the later date of receipt by counsel should trump the earlier receipt of the notice by the claimant. This Court agrees with those cases holding that, when both the claimant and the attorney receive notice, it is the earlier of the two that triggers the time to file a complaint with the district court. In this case, Plaintiff presumptively received the notice on February 9, 2015, five days after it was mailed. There is no attempt by Plaintiff to show that she herself did not receive the Notice of Appeals Council Action within five days of its mailing. Thus, the presumption is that Plaintiff received the notice on February 9, 2015, and, Plaintiff has not demonstrated a "reasonable showing to the contrary" to rebut the presumption. Therefore, in this case, there is no basis for using the attorney's receipt date rather than Plaintiff's. Accordingly, the Complaint was untimely.

## B. Equitable Tolling

In the alternative, Plaintiff argues that the Court should vacate the dismissal and apply the doctrine of equitable tolling to allow the late filing of the Plaintiff's Complaint. Essentially, Plaintiff is now offering the arguments that should have been made in response to the Motion to Dismiss.

Equitable tolling is applicable to the timeliness provision of 42 U.S.C. § 405(g). *See Bowen v. City of New York*, 476 U.S. 467, 480-81 (1986); *see also United States v. Wong*, 135 S. Ct. 1625, 1632-33 (2015) (holding that equitable tolling is presumptively available to a plaintiff unless the Government can point to a clear statement indicating that a time bar in a given statute is jurisdictional). In *Bowen*, the United States Supreme Court held that the deadline for obtaining review of an ALJ decision in the district court is not jurisdictional. 476 U.S. at 487. The Supreme Court also found that equitable tolling was appropriate to extend the sixty-day limitations period because the agency had engaged in secretive, illegal conduct. *Id*.

Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if the person can show that she was pursuing her rights diligently and that some kind of extraordinary circumstances prevented the timely filing. *See Wong*, 135 S. Ct. at 1632-33, 1637; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96); *Grant v. Colvin*, No. 1:12-CV-1036, 2013 WL 2423896, at *2 (S.D. Ind. June 4, 2013) (finding no equitable tolling when the plaintiff's new counsel got notice within sixty-five days of the date of the original notice yet plaintiff did not seek an extension of time or an explanation as to why she was not promptly notified by the Appeals Council); *Boyer v. Astrue*, No. 1:12-CV-274, 2012 WL 6084633, at *3 (N.D. Ind. Dec. 5, 2012).

Plaintiff argues that she has diligently pursued this case in the Social Security Administration since 2010, submitting a timeline and supporting documents in support, that the medical evidence underlying her request for social security benefits demonstrates the merits of her underlying request for benefits, and that she will be damaged by not being able to pursue her initial application for benefits. However, a careful review of the supporting documents and the law demonstrates that Plaintiff was not diligent in preserving her rights in this Court, nor are there extraordinary circumstances to excuse the untimely filing of her Complaint.

Plaintiff does not and cannot argue that she or her counsel lacked actual notice or constructive knowledge of the filing requirements. The February 4, 2015 notice specifically informed Plaintiff and her counsel of the sixty-day filing requirement. In addition, the notice provided that Plaintiff could ask the Appeals Council for an extension of time to file for court review, explaining how and to whom such a request must be made. Even if Plaintiff's counsel did not receive the notice until February 21, 2015, counsel did not inform the Appeals Council of his late receipt of the notice once he received it. Counsel represents to the Court that he has been practicing social security law for forty years. Counsel knew of both the filing deadlines as well as the option to request an extension from the Appeals Council. "It is counsel's duty to monitor the progress of his client's claim. The inadvertence or misconduct of counsel does not give the Court the power to extend the filing deadline." *Willingham v. Colvin*, 2013 WL 3337844, at *2 (S.D. Ind. July 2, 2013) (quoting *Kitts v. Sullivan*, no. IP-88-892-C, 1990 WL 164735, at *2 (S.D. Ind. May 30, 1990)). Neither Plaintiff nor her attorney asked the Appeals Council for an extension of time.

Nor was Plaintiff diligent in pursuing her rights in this Court. Counsel does not sufficiently explain why he could not have filed Plaintiff's Complaint with this Court in the forty-eight days

8

between his receipt of the notice on February 21, 2015, and the 60-day deadline of April 10, 2015. In addition, Plaintiff did not respond to Defendant's Motion to Dismiss. And, Plaintiff waited almost four months after the Court dismissed this action to file the instant motion to raise arguments that should have been made a year ago. In his Affidavit filed in support of the motion, but not within the pages of the motion or memorandum, counsel explains that, because of transportation difficulties, Plaintiff could not get to counsel's office to sign the Affidavit to proceed in forma pauperis. As a result, counsel was required to drive 25 miles from his office to Plaintiff's home for her signature. That same day, April 15, 2015, he sent the Complaint by certified mail. However, April 15, 2015, was five days after the April 10, 2015 filing deadline. Counsel does not explain why he could not obtain her signature and file the Complaint by the April 10, 2015 deadline. In other words, counsel waited until five days after the filing deadline to remedy the transportation problem.

In addition, Plaintiff was not diligent in pursuing her claim at the administrative agency level. Counsel offers a self-serving time table showing the actions take by Plaintiff throughout the administrative process to pursue her claims to show that she diligently pursued her case before the Agency. First, the time table ends in December 2013 and, thus, does not show that Plaintiff diligently pursued her case after December 2013 or her appeal to this Court. Second, the supporting documents show that the Agency first denied Plaintiff's claim on May 30, 2008, and that Plaintiff received notice of that denial. Counsel asserts that he did not receive notice of that first denial. However, it was not until January 2010, eighteen-months later, when Plaintiff contacted counsel about her case, that counsel realized that he had not received notice of denial or knew the status of the case. Adding to that delay, counsel then did not send a letter to the Agency about Plaintiff's case

9

until June 18, 2010. These events do not suggest that Plaintiff diligently pursued her case at the agency level.

There is no evidence that Plaintiff herself did not receive timely notice of the Appeal Council's decision. Thus, she is presumed to have received it on February 9, 2015. Counsel's failure to ascertain when Plaintiff received the notice of denial in February 2015, to diligently pursue Plaintiff's signature in order to file the instant appeal in light of counsel's knowledge of Plaintiff's travel limitations, and to timely file the Complaint knowing that the notice was dated February 4, 2015, falls "far short of showing extraordinary circumstances necessary to support equitable tolling." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *see also Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002) (finding that the litigant's or attorney's mistake or confusion did not constitute extraordinary circumstances); *Bowlin v. Astrue*, No. 08-CV-750, 2010 WL 5113987, at *2-3 (S.D. Ill. Dec. 9, 2010) (finding that the plaintiff's argument of defective notice to counsel did not constitute extraordinary circumstances that would merit equitable tolling for filing the complaint seven days late). The Court finds that Plaintiff has not shown that she was diligently pursuing her rights and that some kind of extraordinary circumstances prevented the timely filing.

In her opening brief, Plaintiff cites *Hargrove v. Astrue*, in which the court found equitable tolling justified because the plaintiff diligently pursued her claim, the plaintiff's case merited reopening under the social security regulations, and both the Commissioner and plaintiff would be harmed by dismissal. 5:07-CV-76, 2008 WL 5234290 (E.D.N.C. Dec. 15, 2008). In *Hargrove*, the plaintiff had diligently pursued her claim throughout the administrative process. Regarding the filing of the complaint in federal court, counsel was contacted by the plaintiff two days before the filing deadline, sent a request for an extension of time one day later (a day before the filing deadline), and

filed the complaint within a week of his first contact with the plaintiff. These facts are distinguishable from those of the instant case. Plaintiff also cites *Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354 (S.D. Ala. 2002). However, *Pettway* was concerned with whether the plaintiff had made the necessary "reasonable showing" under § 422.910(c) to overcome the presumption of receipt within five days of the mailing of the notice. In this case, Plaintiff is not attempting to overcome the presumption as to the date of her receipt of the notice. Finally, Plaintiff cites *Aschettino v. Sullivan*, 724 F. Supp. 1116 (W.D.N.Y. 1989), in which equitable tolling was applied to allow the untimely filing of the complaint. That case, too, is distinguishable because counsel took action to request an extension of time with the Appeals Council prior to the expiration of the sixty-day period and the Appeals Council never answered. *Id*. at 1117-18.

In her reply brief, Plaintiff cites *Hardesty v. Colvin*, No. 1:14-CV-1398, 2015WL 3440187 (S.D. Ind. May 28, 2015), in support of equitable tolling. Counsel for Plaintiff in this case represented Hardesty in that lawsuit. In *Hardesty*, the plaintiff did not receive the September 24, 2013 Appeals Council notice until June 26, 2014, and then filed his Complaint with the district court on August 25, 2014. *Id*. at *1. First, the court in *Hardesty* was ruling on a motion to dismiss, to which Hardesty filed a response; in this case, Plaintiff did not respond to the Motion to Dismiss. Second, although Plaintiff asserts in her brief that, in the *Hardesty* case, Hardesty did not receive notice of the appeal and that it was his attorney who received notice on June 26, 2014, those facts are not included in the *Hardesty* opinion. *See Hardesty*, 2015 WL 3440187. Third, even if the court in *Hardesty* used the June 26, 2014 receipt by counsel to calculate the 60-day period, it appears–based on Plaintiff's representations in the reply brief in this case–that Hardesty did not receive the notice of appeal and, thus, the only notice received was that received by counsel. In

contrast, there is no allegation in this case that Plaintiff herself did not receive the notice of appeal. Most importantly, in *Hardesty*, the Commissioner "had already acknowledged that good cause exist[ed] for Hardesty's untimely filing." *Id*. at *2. In that case, the Commissioner was asking the court to dismiss the complaint so that Hardesty could go back a step in the process and file a request for extension of time with the Appeals Council but was not opposing the opportunity for the plaintiff to continue pursuing her case. *Id*, at *1. The Commissioner has made no such concession regarding Plaintiff's untimely filing in this case.

### C. Timeliness of the Instant Motion

Finally, Plaintiff has not sufficiently explained why she did not respond to the Commissioner's Motion to Dismiss in November 2015, why she did not file a brief motion for extension of time to respond to the Motion to Dismiss, or why it took her almost four months to file the instant motion. In his Affidavit, by way of explaining the time pressures he was under, counsel asks the Court to read the reasons he included in a fourth motion for extension of time he filed in a separate, unrelated case on November 12, 2015. Yet, counsel does not explain why he did not file a similar motion for extension of time to respond to the Commissioner's Motion to Dismiss in this case when Plaintiff's response brief was due on November 16, 2015. Nor does Plaintiff sufficiently explain why she was not able to file the instant motion in a timely manner.

### CONCLUSION

Because Plaintiff did not timely file her Complaint with this Court and because equitable tolling does not save the untimely appeal, the Court hereby **DENIES** the Motion to Vacate Dismissal and to Reinstate Cause by Reason of Equitable Tolling [DE 20].

SO ORDERED this 5th day of May, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT